[Cite as *Rider v. Dickerson*, 2024-Ohio-239.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


RAVEN RIDER

    Plaintiff-Appellee

-vs-

TRAEVON DICKERSON

    Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 2023 CA 0047

O P I N I O N


CHARACTER OF PROCEEDINGS:    Appeal from the Richland County Court of Common Pleas, Domestic Relations Division, Case No. 2020-DIV-0220


JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    January 24, 2024


APPEARANCES:


For Plaintiff-Appellee

For Defendant-Appellant

TRAEVON DICKERSON
287 Brookwood Way N.
Mansfield, Ohio 44907

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Traevon J. Dickerson appeals the August 11, 2023 Judgment Entry entered by the Richland County Court of Common Pleas, Domestic Relations Division, which reaffirmed his limited/restricted supervised visitation set forth in the February 7, 2022 Judgment Entry/Decree of Divorce. Plaintiff-appellee is Raven C. Rider.[1]

## STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant and Appellee were married on January 10, 2019. One child was born as issue of the marriage ("the Child"). On December 10, 2019, Appellee filed a petition for a domestic violence protection order against Appellant on behalf of herself and the Child. An ex parte order of protection was issued on the same day. Following a full hearing, the trial court issued an Order of Protection pursuant to R.C. 3113.31, on February 3, 2020.

**{¶3}** Appellee filed a complaint for divorce on April 17, 2020. During the divorce proceedings, the trial court ordered a home investigation. In her report to the trial court filed October 21, 2020, the home investigator recommended Appellee receive sole custody of the Child and Appellant receive limited supervised visitation. On November 5, 2021, Appellant was indicted on two counts of domestic violence involving his mother and sister. Appellant subsequently pled guilty to count two, in which his sister was the victim, and the state dismissed count one. Appellant was sentenced to thirty (30) months of community control.

---

[1] Appellee has not filed a Brief in this Appeal.

**{¶4}** The trial court conducted a final hearing on Appellee's complaint for divorce on December 3, 2021. Via Judgment Entry/Decree of Divorce filed February 7, 2022, the trial court granted Appellee a divorce from Appellant, designated Appellee as the residential parent and legal custodian of the Child. The trial court also awarded Appellant limited/restricted supervised visitation as recommended by the home investigator and ordered him to pay child support.

**{¶5}** On March 8, 2022, Appellant filed a pro se correspondence captioned "Request for Visitation," asking the trial court to modify its prior order of supervised visitation. On April 1, 2022, Appellant filed a pro se correspondence, requesting the matter of visitation be sent to mediation. The trial court scheduled a hearing for July 7, 2022, but ordered the parties to participate in mediation prior to the hearing. Mediation proved unsuccessful. On October 18, 2022, Appellant filed a Motion to Update Financial Affidavit. The trial court rescheduled the hearing to October 20, 2022. The hearing proceeded as scheduled, but was continued to address the matter of a suitable supervisor for Appellant's visitation with the Child. Appellant filed a pro se Motion to Modify Child Support on October 21, 2022.

**{¶6}** The trial court conducted a combined hearing on June 28, 2023, concluding the hearing on the modification of visitation and Appellant's two additional motions. Via Judgment Entry filed August 11, 2023, the trial court reaffirmed the limited/restricted supervised visitation set forth in its February 7, 2022 Judgment Entry/Decree of Divorce. The trial court ordered Appellant be responsible for making the appropriate arrangements with a reputable supervised visitation facilitating agency. The trial court certified Appellant's motion to modify child support and motion to update financial affidavit "to the

Richland County Child Support Enforcement Agency to address and make appropriate child support modification recommendation, if any, as per law." August 11, 2023 Judgment Entry at p.7.

{¶7} On September 11, 2023, Appellant filed a Notice of Appeal from the August 11, 2023 Judgment Entry. On the same day, Appellant filed a "Motion for Preparation of Complete Transcript of Proceedings at Trial Courts [sic] and States [sic] Expense" in the trial court, and a Motion to Proceed in Forma Pauperis in this Court. Via Judgment Entry filed September 28, 2023, this Court waived the prepayment of the cost deposit. Via Judgment Entry filed October 11, 2023, the trial court denied Appellant's motion for preparation of transcript at trial court's and state's expense, finding "[t]he case appealed is a pure civil case between two (2) private parties" and "not a criminal case between the State and a defendant charged with a crime;" therefore, Appellant was not entitled to a transcript at the trial court's expense nor the state's expense. October 11, 2023 Judgment Entry at p.1. A transcript of the proceedings was not produced.

{¶8} It is from the August 11, 2023 Judgment Entry Appellant appeals, making the following statements, which we shall address as assignments of error:

I. THE 10/21/2022 MOTION TO MODIFY APPELLANTS [SIC] CHILD SUPPORT ORDER WAS DENIED ON 02/03/2023.

II. NO EVIDENCE SUBMITTED TO SUPPORT APPELLES [SIC] CLAIMS OF APPELLANT BEING VIOLENT, OR WOULD HARM THE INVOLVED CHILD.

III. VISITATION SUPERVISOR RESISTED COURT ORDER.

### IV. JUDICIAL MISCONDUCT FROM TRIAL COURT JUDGE.

I

**{¶9}** In his first assignment of error, Appellant contends the trial court erred in denying his motion to modify child support. Appellant submits, "The Judge of the trial court verbally denied this motion on 02/03/2023, stating that such decision was not within the jurisdiction of that court." Appellant's Opening Brief at p.7.

**{¶10}** In its August 11, 2023 Judgment Entry, the trial court stated:

> Further, Defendant's Motion to Modify Child Support and his Motion to Update Financial Affidavit are certified to the Richland County Child Support Enforcement Agency to address and make appropriate child support modification recommendation, if any, as per law.

**{¶11}** August 11, 2023 Judgment Entry at p.7.

**{¶12}** "It is well-established that a court speaks only through its journal entries and not by oral pronouncement or through decisions. *State v. Smith*, 12th Dist. Butler No. CA2009-02-038, 2010-Ohio-1721, 2010 WL 1534121, ¶ 59 (Citations omitted). The record does not contain a journal entry denying Appellant's motion to modify child support or determining the trial court lacked jurisdiction to address the issue. Further, Appellant has not provided this Court with the transcript of the February 3, 2023 hearing. As such, we do not know what occurred during the hearing. Even if the trial court verbally denied Appellant's motion during the hearing, without a journal entry, a decision or finding of a

court has no force or effect. *State v. Ronan,* Franklin App. No. 06AP–63, 2007–Ohio–168, ¶ 9.

{¶13} Appellant's first assignment of error is overruled.

## II, III, IV

{¶14} We elect to address Appellant's remaining assignments of error together. In his second assignment of error, Appellant claims Appellee failed to present any evidence to demonstrate he was violent or would harm the Child. In his third assignment of error, Appellant claims the family visitation supervisor resisted the trial court's order. In his final assignment of error, Appellant alleges the trial court engaged in judicial misconduct.

{¶15} As stated, supra, Appellant failed to provide this Court with the transcript of the February 3, 2023 hearing. Because we have no record of what occurred in the trial court properly before us, we are unable to review Appellant's assigned errors. Accordingly, we must presume regularity in the proceedings in the trial court and affirm. See, *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 198, 400 N.E.2d 384, 385 (1980).

{¶16} Appellant's second, third, and fourth assignments of error are overruled.

{¶17} The judgment of the Richland County Court of Common Pleas, Domestic Relations Division, is affirmed.


By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur