[Cite as *State v. Smith*, 2024-Ohio-1429.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| ERIC SMITH | : | Case No. 23-CAA-11-0099 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 15 CR I 04 0144 C


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      April 12, 2024


APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
KATHERYN L. MUNGER
145 North Union Street, 3rd Floor
Delaware, OH 43015

For Defendant-Appellant

ERIC SMITH, PRO SE
#718-949
North Central Correctional Institution
P.O. Box 1812
Marion, OH 43301

*King, J.*

{¶ 1}   Defendant-Appellant, Eric Smith, appeals the October 27, 2023 judgment entry of the Court of Common Pleas of Delaware County, Ohio, denying his Crim.R. 36 motion for corrected judgment entry.  Plaintiff-Appellee is the state of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 31, 2015, a jury found Smith guilty of multiple offenses and specifications including one count of felonious assault in violation of R.C. 2903.11(A)(2). A sentencing hearing was held on September 14, 2015.   By judgment entry filed September 16, 2015, the trial court sentenced Smith to an aggregate term of forty years in prison, with six years attributable to the felonious assault conviction.

{¶ 3}   Smith filed an appeal and this court affirmed his convictions and sentence. *State v. Smith,* 5th Dist. Delaware No. 15 CAA 10 0077, 2016-Ohio-7566, 76 N.E.3d 551, *appeal not accepted,* 150 Ohio St.3d 1408, 2017-Ohio-6964, 78 N.E.3d 908.

{¶ 4}   Smith has filed numerous postconviction motions with the trial court.  On October 27, 2023, Smith filed a motion to correct judgment entry pursuant to Crim.R. 36. Smith argued during the sentencing hearing, the trial court found the victim suffered "physical, psychological, and economic harm," but the sentencing judgment entry included the word "serious" before the quoted language.  By judgment entry filed October 27, 2023, the trial court denied the motion.  The trial court acknowledged the difference and found the difference not to be significant.

{¶ 5}   Smith filed an appeal with the following assignment of error:

I

{¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO CORRECT JUDGMENT ENTRY PURSUANT TO CRIMINAL RULE 36."

I

{¶ 7} In his sole assignment of error, Smith claims the trial court erred in denying his Crim.R. 36 motion for corrected judgment entry on sentencing. We disagree.

{¶ 8} Smith was convicted of felonious assault in violation of R.C. 2903.11(A)(2) which states: "No person shall knowingly * * * (c)ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

{¶ 9} Smith filed a motion with the trial court under Crim.R. 36 which governs clerical mistakes and states: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

{¶ 10} Smith argued the trial court needed to correct its judgment entry on sentencing because of a difference between what was stated during the sentencing hearing and what was journalized in the judgment entry.

{¶ 11} During the sentencing hearing, the trial court analyzed the R.C. 2929.12 "factors to consider in felony sentencing" and under subsection (B)(2), found: "The fact that the victim did suffer physical, psychological, and economic harm as a result of the offenses * * *." September 14, 2015 T. at 16. The trial court omitted the word "serious" which is included in subsection (B)(2). In its judgment entry on sentence filed September

16, 2015, the trial court made a finding that the "victim suffered *serious* physical, psychological, and economic harm as a result of the Defendant's actions." (Emphasis added.)

{¶ 12} In its October 27, 2023 judgment entry denying the motion, the trial court acknowledged during the sentencing hearing it was making findings under R.C. 2929.12(B)(2) and "I evidently omitted the word 'serious' when I recited that particular phrase." The trial court concluded: "Unlike the defendant, I do not view the difference between my words at the hearing and my words in the entry as significant. His request that I now alter the entry is denied."

{¶ 13} Smith argues the inclusion of "serious" in the judgment entry is a clerical error that needs to be corrected in order to reflect the record and "speak the truth." But the trial court intended to find "serious physical, psychological, and economic harm" because the trial court found it omitted the word at the sentencing hearing in its analysis under R.C. 2929.12(B)(2). Because a trial court speaks through its journal, the September 16, 2015 judgment entry on sentencing accurately reflects the trial court's findings. *Rider v. Dickerson,* 5th Dist. Richland No. 2023 CA 0047, 2024-Ohio-239, ¶ 12, quoting *State v. Smith*, 12th Dist. Butler No. CA2009-02-038, 2010-Ohio-1721, ¶ 59 (" 'It is well-established that a court speaks only through its journal entries and not by oral pronouncement or through decisions' "). There is nothing for the trial court to correct.

{¶ 14} Upon review, we find the trial court did not abuse its discretion in denying Smith's Crim.R. 36 motion for corrected judgment entry on sentencing.

{¶ 15} The sole assignment of error is denied.

{¶ 16} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By King, J.

Hoffman, P.J. and

Wise, J. concur.